UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| TERRY LEWIS HALL, | CASE NO. 05-CV-1261 W (CAB) |
|---|---|
| Petitioner, | **REPORT AND RECOMMENDATION RE RESPONDENT'S MOTION TO DISMISS THE FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS** |
| vs. | |
| C.M. HARRISON, *et al.*, | |
| Respondents. | **[Doc. # 19]** |

## I. INTRODUCTION

Petitioner Terry Lewis Hall ("Petitioner" or "Hall"), a state prisoner, is proceeding with the First Amended Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. On August 3, 2006, Respondent C.M. Harrison ("Respondent" or "Harrison") filed a Motion to Dismiss the First Amended Petition. Respondent argues that Petitioner's claims are not colorable and that Petitioner has failed to exhaust available state remedies for his first claim. For the reasons below, the undersigned Magistrate Judge recommends that the motion be **DENIED.**

## II. FACTS

In 2002, Petitioner was convicted of first degree murder and battery on a peace officer. Petitioner strangled his wife with an extension cord after he found out she was having an affair. While transported to jail, Petitioner slipped his handcuffs off and struggled with a police detective in an attempt to grab a gun.

Petitioner was sentenced to a term of 26 years to life. (Lodgment 1, p. 1). On May 27,

2004, the California Court of Appeal affirmed the judgment in an unpublished opinion. (Lodgment 1). On or about June 3, 2004, Petitioner filed a petition for rehearing with the California Court of Appeal. Petitioner argued that (1) the court of appeal failed to address one of its own published decisions; and (2) the unpublished opinion affirming Petitioner's conviction departed from precedent and violated federal guarantees of due process and equal protection. (Lodgment 2, pp. 2, 6). On June 14, 2004, the petition was denied. (Lodgment 2).

On or about June 17, 2004, Petitioner filed a petition for review in the California Supreme Court. Petitioner claimed that his state and federal rights to due process and equal protection were violated because (1) the decision of the California Court of Appeal either ignored one of the court's previous published cases or was the product of confusion in state law; and (2) the decision of the court of appeal departed from its published precedent. (Lodgment 3, p. 1). On August 11, 2004, the petition was denied. (Lodgment 3).

On June 20, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. The original petition was dismissed without prejudice. The First Amended Petition ("the FAP") was filed on July 7, 2005. The petition asserts two grounds for relief. First, Petitioner claims that the state Court of Appeal violated his federal due process and equal protection rights by failing to consider its own published precedent. (FAP, p. 6). Second, Petitioner repeats the assertions made in the first ground, and then contends that the court of appeal violated his federal due process and equal protection rights by ordering its decision unpublished. (*Id.,* p. 7).

### III. DISCUSSION

#### A.   Petitioner's Claims Are Colorable

The FAP presents colorable claims. Under 28 U.S.C. § 2254:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). Therefore to present a colorable federal constitutional claim, a petitioner need only allege that he is in custody in violation of federal law. Here, Petitioner claims that he is in custody in violation of his federal due process and equal protection rights. (FAP, pp. 6-7).

Therefore the FAP properly presents colorable federal claims.

Respondent's argument in support of dismissal goes to the merits of the FAP, and not to whether it is appropriately before this Court. Respondent contends that in order to be entitled to habeas relief, Petitioner must show that the state court decisions were "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or were based on "'an unreasonable determination' of the state court evidence." (Resp't.'s P. & A. in Sup. of Mot. to Dismiss, 5:11-15). Respondent argues that neither of Petitioner's claims "could have merit," because there is no legal authority holding that it is unconstitutional for a state court to ignore its previously published decision or to issue unpublished opinions. (*Id.,* p. 5). Although Respondent identifies the correct legal standard for review of the merits of a habeas petition, such review is inappropriate on a motion to dismiss and will be conducted after the FAP is answered.

Based on the above, the motion to dismiss should be denied as to this ground.

### B.     Petitioner's First Claim Is Exhausted

Respondent also argues that Petitioner's first claim should be dismissed for failure to exhaust available state remedies. "The exhaustion of available state judicial remedies is ordinarily a prerequisite to obtaining federal habeas corpus relief." *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing 28 U.S.C. § 2254(b)). "A petitioner has satisfied the exhaustion requirement if: (1) he has 'fairly presented' his federal claim to the highest state court with jurisdiction to consider it, . . . or (2) he demonstrates that no state remedy remains available." *Id.* (citations omitted).

Respondent argues that Petitioner's first claim is unexhausted because it was never presented to the California Supreme Court as a federal claim. The Court disagrees. "The state courts have been given a sufficient opportunity to hear an issue when the petitioner has presented the state court with the issue's factual and legal basis." *Weaver v. Thompson*, 197 F.3d 359, 364 (9th Cir. 1999) (citations omitted). "[T]he petitioner must have either referenced specific provisions of the federal constitution or statutes or cited to federal case law." *Lyons v. Crawford*, 232 F.3d 666, 670 (9th Cir. 2000), *as amended* 247 F.3d 904 (9th Cir. 2001). "Presenting the state courts only with the facts necessary to state a claim for relief" or making a general appeal to a

constitutional guarantee as broad as due process," however, is insufficient to present the "substance" of such a claim to a state court. *Gray v. Netherland*, 518 U.S. 152, 153 (1996) (citations omitted).

The heading for the first claim in the petition for review in the California Supreme Court stated:

> The decision of the court of appeal either ignores the Court's own controlling decision in violation of the doctrine of *stare decisis*, or is the product of confusion in the case law, both of which violate appellant's federal and state constitutional rights to due process and equal protection, requiring review by this Court.

(Lodgment 3, pp. 1, 15). In the body of the argument, Petitioner cited only state authority in support of his claim. He did, however, identify the federal constitutional rights and the factual support. Therefore he appears to have sufficiently presented the substance of the federal claims to the California Supreme Court.

Respondent also argues that Hall failed to "fairly present" the claim to the state courts by failing to raise the claim before the California Court of Appeal prior to bringing it before the highest court. Although Hall's petition for rehearing before the appellate court argued that the court failed to address one of its own published decisions, he did not raise a violation of the federal Constitution with respect to this claim. (Lodgment 2, p. 2).

"As a matter of policy, on petition for review, the Supreme Court normally will not consider an issue that the petitioner failed to timely raise in the court of appeal." Cal. Rules of Court, Rule 28(c)(1). Further, the Ninth Circuit has held that when a petitioner raises federal constitutional claims for the first and only time to the state's highest court on discretionary review, the claims are not fairly presented. *See Casey v. Moore,* 386 F.3d 896, 918 (9th Cir. 2004).

Although Petitioner's first claim may not have been properly or fairly presented to the California Supreme Court, the exhaustion requirement is still satisfied because no state remedies remain available to Petitioner. The exhaustion requirement applies "only to remedies still available at the time of the federal petition." *Engle v. Isaac*, 456 U.S. 107, 125-26 n. 28 (1982); *see also Johnson*, 88 F.3d at 829. A petitioner's claims are exhausted where "a return to state court for exhaustion would be futile." *Phillips v. Woodford*, 267 F.3d 966, 974 (9th Cir. 2001).

"A habeas petitioner who has defaulted his federal claims in state court meets the *technical* requirements for exhaustion; there are no state remedies any longer 'available' to him." *Cassett v. Stewart*, 406 F.3d 614, 621 n. 5 (9th Cir. 2005) (citation omitted); *see also Gray v. Netherland*, 518 U.S. 152, 161 (1996) (quoting *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (the exhaustion requirement is satisfied if "it is clear that [Petitioner's] claims are now procedurally barred under [state] law."). Therefore a petitioner's claim may be exhausted even in the absence of fair presentation to the state courts. *See Casey*, 386 F.3d at 919. A federal court independently determines whether a petitioner has state court remedies remaining available to him. *See Phillips*, 267 F.3d at 974; *see also Evans v. Chavis*, 126 S.Ct. 846, 852 (2006).

The California Supreme Court's order stated, in full, "Petition for review denied." (Lodgment 3). No legal authority was cited. If the Supreme Court in fact addressed the claim, no state remedies remain.[1] Assuming that Respondent is correct in arguing that the highest court was precluded from addressing the claim due to Petitioner's failure to present the claim to the appellate court, Petitioner's remedies are exhausted as procedurally barred.[2] Therefore this Court does not find any state remedies available to Petitioner, nor does Respondent identify any.[3]

Because no state remedies are available for Petitioner's first claim, the exhaustion requirement is satisfied. Accordingly, the undersigned Magistrate Judge recommends that

---

[1] It appears that if the claim was addressed, it was denied on the merits. A party seeking review by the Supreme Court must serve and file a petition within 10 days after the decision of the Court of Appeal becomes final as to that court. Cal. Rules of Court, Rule 8.500 (formerly Rule 28). A Court of Appeal decision becomes final as to that court 30 days after filing. (Cal. Rules of Court, Rule 8.264 (formerly Rule 24). The court of appeal denied Hall's petition for rehearing on June 14, 2004, and Hall filed his petition for review with the Supreme Court on June 17, 2004, three days later. (Lodgment 2). Therefore the petition was timely.

[2] Respondent does not raise the procedural bar issue. This portion of the Report and Recommendation is limited to the issue of exhaustion. The procedural bar is only addressed as it relates to exhaustion of state remedies.

[3] Petitioner is not required to return to state court to pursue state habeas relief. "Generally ... a prisoner need exhaust only one avenue of relief in state court before bringing a habeas petition in federal court. This is true even where alternative avenues of reviewing constitutional issues are still available in state court." *Turner v. Compoy*, 827 F.2d 526, 528 (9th Cir. 1987) (citations omitted).

Respondent's motion to dismiss the first claim as unexhausted be denied.[4]

## IV.  CONCLUSION AND RECOMMENDATION

Having reviewed the matter, the undersigned Magistrate Judge recommends that Respondent's Motion to Dismiss the First Amended Petition for Writ of Habeas Corpus be **DENIED**, and that Respondent be ordered to file an Answer to the First Amended Petition.  This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636 (b)(1).

**IT IS ORDERED** that no later than **February 21, 2007**, any party to this action may file written objections with the Court and serve a copy on all parties.  The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties within **10 days** of being served with the objections.  The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's Order.

**IT IS SO ORDERED.**

**DATED:  January 25, 2007**

_____
CATHY ANN BENCIVENGO
**United States Magistrate Judge**

---

[4] Respondent also argues that because the first claim is unexhausted, the petition should be dismissed as mixed or the unexhausted claim should be deleted. The undersigned Magistrate Judge concludes that the claim is exhausted and neither claim should be dismissed. Assuming that the claim is not exhausted, it should be noted that Petitioner is willing to have the first claim deleted and to proceed only on the second claim. (Petr.'s Opp. to Resp't.'s Mot. to Dismiss, p. 4).