```
            FILED
         MAR 29 2007
   CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                      DEPUTY
```

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRY LEWIS HALL,<br><br>               Petitioner,<br><br>v.<br><br>C.M. HARRISON, et al.,<br><br>               Respondents. | CASE NO: 05-CV-1261 W (CAB)<br><br>**ORDER GRANTING MOTION TO DISMISS [DOC. 19] WITH PREJUDICE** |

Petitioner Terry Lewis Hall, a state prisoner proceeding *pro se*, filed a First Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On August 3, 2006, Respondent C.M. Harrison filed a Motion to Dismiss. On January 25, 2007, United States Magistrate Judge Bencivengo issued a Report and Recommendation ("Report"), recommending that this Court deny the Motion. On February 15, 2007, Respondent filed his objections to the Report.

The Court decides the matter on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons outlined below, the Court adopts-in-part but rejects-in-part the Report, and **DISMISSES** the First Amended Petition **WITH PREJUDICE.**

## I. BACKGROUND

In 2002, Petitioner was convicted of first degree murder and battery of a police officer. Petitioner strangled his wife with an extension cord after he found out she was having an affair. While being transported to jail, Petitioner slipped his handcuffs off and struggled with a police detective in an attempt to grab a gun.

Petitioner was sentenced to a term of 26 years to life. On May 27, 2004, the California Court of Appeal affirmed the judgment in an unpublished opinion. Petitioner's subsequent petition for rehearing with the California Court of Appeal argued that (1) the Court of Appeal failed to address one of its own published decisions; and (2) the unpublished opinion affirming Petitioner's conviction departed from precedent and violated federal guarantees of due process and equal protection. On June 14, 2004, the petition was denied.

On or about June 17, 2004, Petitioner filed a petition for review with the California Supreme Court. Petitioner claimed that his state and federal rights to due process and equal protection were violated because (1) the decision of the California Court of Appeal either ignored one of the court's previous published cases or was the product of confusion in state law; and (2) the decision of the Court of Appeal departed from its published precedent. On August 11, 2004, the petition was denied.

On June 20, 2005, Petitioner filed a petition for writ of habeas corpus in this Court. The original petition was dismissed without prejudice. The First Amended Petition ("FAP") was filed on July 7, 2005 and asserts two claims. First, Petitioner claims that the California Court of Appeal violated his federal due process and equal protection rights by failing to consider its own published precedent. (FAP at 6.) Second, Petitioner repeats the assertions made in the first ground and then contends that the Court of Appeal violated his federal due process and equal protection rights by ordering its decision unpublished. (FAP at 7.)

//
//

## II. LEGAL STANDARD

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72(b) of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court "must make a de novo determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C); see also United States v. Remsing, 874 F.2d 614, 617 (9th Cir. 1989); United States v. Raddatz, 447 U.S. 667, 676 (1980). When no objections are filed, the district court may assume the correctness of the magistrate judge's findings of fact and decide the motion on the applicable law. See Campbell v. United States Dist. Court, 501 F.2d 196, 206 (9th Cir. 1974). Under such circumstances, the Ninth Circuit has held that "a failure to file objections only relieves the trial court of its burden to give de novo review to factual findings; conclusions of law must still be reviewed de novo." Barilla v. Ervin, 886 F.2d 1514, 1518 (9th Cir. 1989) (citing Britt v. Simi Valley Unified Sch. Dist., 708 F.2d 452, 454 (9th Cir. 1983)).

## III. DISCUSSION

Having read and considered the underlying Petition, the Report, and Respondent's Objections thereto, the Court finds the Report correct in its determination that Petitioner's state claims have been exhausted. But the Court concludes that Petitioner's claims are not colorable and, therefore, must be dismissed.

### A. Petitioner's state remedies are exhausted.

Respondent argues that Petitioner has not exhausted his state remedies with respect to the first claim in the FAP. According to Respondent, Petitioner has "the ability to return to state court and present his claim of federal error to the California Supreme Court in a petition for writ of habeas corpus." (Def.'s Mot. at 8:24-27.) Because Hall has allegedly not done so, Respondent contends that the FAP should be dismissed.

The Report rejected Respondent's argument. Because the California Supreme

Court denied review in this case, the Report concluded that no state remedies remain available to Petitioner and the exhaustion requirement has, therefore, been satisfied. The Court agrees with the Report's conclusion.

On August 11, 2004, the California Supreme Court denied review of Petitioner's appeal. The order stated in full, "Petition for review denied." No legal authority was cited. As such, this Court cannot accurately determine whether the review was denied on the merits or because Petitioner failed to first properly present the claim of federal error to the appellate court.

Respondent argues that this uncertainty leaves Petitioner capable of filing a new petition for writ of habeas corpus in state court. However, Respondent should also know that after two and a half years, such a petition would most likely be deemed untimely in the state courts. And this Court has the ability to deem petitioner's claims exhausted when "a return to state court for exhaustion would be futile." Phillips v. Woodford, 267 F.3d 966, 974 (9th Cir. 2001) Further, the U.S. Supreme Court has explained that "once a state court has ruled upon a claim, it is not necessary for a petitioner 'to ask the state for collateral relief, based upon the same evidence and issues already decided by direct review.'" Castille v. Peoples, 489 U.S. 346, 350 (1989) (quoting Brown v. Allen, 344 U.S. 443, 447 (1977)).

In the FAP, Petitioner asserts the identical claims that he made to the California Supreme Court more than two and a half years ago. Requiring Petitioner to re-title and then re-file his untimely petition in state court would be futile. Thus, this Court concludes that Petitioner has sufficiently exhausted his state court remedies for purposes of his writ of habeas corpus.

### B. Petitioner's claims are not colorable.

A federal court may grant a habeas petition if it shows the applicant is in custody "in violation of the Constitution or other laws or treaties of the United States." 28 U.S.C. § 2254(a). The 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA") clarifies that federal habeas relief is available when the state court proceedings:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Accordingly, state interpretation of state laws and rules cannot serve as the basis for a federal habeas petition, as no federal or constitutional question would be implicated. Estelle v. McGuire, 502 U.S. 62, 68 (1991).

Petitioner asserts two claims, neither of which raise a colorable federal issue. First, Petitioner argues that the California Court of Appeal violated his federal due process and equal protection rights by failing to consider its own published precedent. (FAP at 6.) In support of his contention, Petitioner cites People v. Thompkins, 195 Cal.App.3d 244 (1987) and argues it was controlling state law precedent that the California Court of Appeal in his case improperly ignored. (FAP at 6.) Thompkins deals exclusively with a state court's management of California jury instructions; there is no federal issue in that case. Id. Therefore, Petitioner's claim is that the disposition of his appeal was based upon an incorrect interpretation of *state* law.

An allegation that the California Court of Appeal misapplied or departed from an earlier decision does not give rise to an equal protection claim, nor does it provide a basis for federal habeas relief:

> We have stated many times that federal habeas corpus relief does not lie for errors of state law. Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.

Estelle, 502 U.S. at 67–68 (citations and internal quotations omitted); see also Little v. Crawford, 449 F.3d 1075, 1082 (9th Cir. 2006). Because Petitioner seeks relief from a state law error, federal habeas relief is not available.

Petitioner's second claim repeats the assertions made in the first and then contends that the Court of Appeal violated his federal due process and equal protection rights by

ordering its decision unpublished. (FAP at 7.) But broad conclusory allegations of constitutional violations are insufficient to state a cognizable claim. See Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995). Moreover, Petitioner needs a Supreme Court decision holding that unpublished state court decisions violate clearly established federal law. Stuard v. Stewart, 401 F.3d 1064, 1067 (9th Cir. 2005); 28 U.S.C. § 2254(d)(1). No such decision exists. Indeed, the practice of issuing unpublished decisions is also used by the federal courts. Accordingly, Petitioner's second claim also fails to assert a colorable federal claim and his FAB must be dismissed.

## IV.  CONCLUSION AND ORDER

In light of the foregoing, the Court adopts-in-part and rejects-in-part the Report, and **DISMISSES** the First Amended Petition, **WITH PREJUDICE**. The Clerk of Court shall close the district court case file.

**IT IS SO ORDERED.**

DATE: March 29, 2007

HON. THOMAS J. WHELAN
United States District Court
Southern District of California

CC: ALL PARTIES
HON. CATHY ANN BENCIVENGO, UNITED STATES MAGISTRATE JUDGE