FILED

2007 MAY 15  AM 7:59

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| TERRY LEWIS HALL, | CASE NO: 05-CV-1261 W (CAB) |
|---|---|
| Petitioner, | ORDER (1) DENYING REQUEST FOR CERTIFICATE OF APPEALABILITY AND (2) GRANTING EXTENSION OF TIME TO FILE NOTICE OF APPEAL |
| v. | |
| C.M. HARRISON, et al., | |
| Respondents. | |

Petitioner Terry Lewis Hall, a state prisoner proceeding *pro se*, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On March 29, 2007, this Court granted Respondent C.M. Harrison's motion to dismiss with prejudice.

On May 7, 2007, Petitioner filed a motion for an extension of time to file a notice of appeal, and a request for a Certificate of Appealability ("COA"). For the reasons stated below, the Court **DENIES** Petitioner's Request for a COA, but **GRANTS** his request for an extension of time.

I.  **BACKGROUND**

In 2002, Petitioner was convicted of first degree murder and battery of a police officer. Petitioner strangled his wife with an extension cord after he found out she was

1 having an affair. While being transported to jail, Petitioner slipped his handcuffs off and
2 struggled with a police detective in an attempt to grab a gun.

3       Petitioner was sentenced to a term of 26 years to life. On May 27, 2004, the
4 California Court of Appeal affirmed the judgment in an unpublished opinion. Petitioner's
5 subsequent petition for rehearing with the California Court of Appeal argued that (1) the
6 Court of Appeal failed to address one of its own published decisions; and (2) the
7 unpublished opinion affirming Petitioner's conviction departed from precedent and
8 violated federal guarantees of due process and equal protection. On June 14, 2004, the
9 Court of Appeal denied his petition. His subsequent petition for review with the
10 California Supreme Court was also denied.

11       On June 20, 2005, Petitioner filed a petition for writ of habeas corpus in this Court.
12 The original petition was dismissed without prejudice. The First Amended Petition
13 ("FAP") was filed on July 7, 2005 and asserted two claims. First, Petitioner claims that the
14 California Court of Appeal violated his federal due process and equal protection rights by
15 failing to consider its own published precedent. (FAP at 6.) Second, Petitioner repeats the
16 assertions made in the first ground and then contends that the Court of Appeal violated
17 his federal due process and equal protection rights by ordering its decision unpublished.
18 (FAP at 7.)

19       On August 3, 2006, Respondent C.M. Harrison filed a Motion to Dismiss. On
20 March 29, 2007, this Court granted Respondent's motion and dismissed the petition. This
21 motion followed.

22

23 **II.**    **LEGAL STANDARD**
24       Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-
25 132, 110 State. 1214 (1996) ("AEDPA"), a state prisoner may not appeal the denial of a
26 section 2254 habeas petition unless he obtains a COA from a district or circuit judge. 28
27 U.S.C. § 2253 (c)(1)(A); see also United States v. Asrar, 116 F.3d 1268, 1269-70 (9th Cir.
28 1997) (holding that district courts retain authority to issue certificates of appealability

under the AEDPA).

In deciding whether to grant a COA, a court must either indicate the specific issues supporting a certificate or state reasons why a certificate is not warranted. Asrar, 116 F.3d at 1270. A court may issue a COA only if the applicant has made a "substantial showing" of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). This requirement means that:

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy section 2253 (c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong ... When the district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniel, 529 U.S. 473, 484 (2000).

## III. DISCUSSION

### A. Petitioner's Request for a COA.

As the Court's order granting Respondent's motion to dismiss explained, a federal court may grant a habeas petition if it shows the applicant is in custody "in violation of the Constitution or other laws or treaties of the United States." 28 U.S.C. § 2254(a). The 1996 Antiterrorism and Effective Death Penalty Act ("AEDPA") clarifies that federal habeas relief is available when the state court proceedings:

> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Petitioner asserts two claims for federal habeas relief, neither of which raise a colorable federal issue. First, Petitioner argues that the California Court of Appeal violated his federal due process and equal protection rights by failing to consider its own published precedent. (FAP at 6.) In support of his contention, Petitioner cites People v. Thompkins, 195 Cal.App.3d 244 (1987), and argues it was controlling state law precedent that the California Court of Appeal in his case improperly ignored. (FAP at 6.) Thompkins deals exclusively with a state court's management of California jury instructions; there is no federal issue in that case. Id. Therefore, Petitioner's claim is that the disposition of his appeal was based upon an incorrect interpretation of *state* law.

But an allegation that the California Court of Appeal misapplied or departed from an earlier decision does not give rise to an equal protection claim, nor does it provide a basis for federal habeas relief:

> We have stated many times that federal habeas corpus relief does not lie for errors of state law. Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.

Estelle v. McGuire, 502 U.S. 62, 67–68 (1991) (citations and internal quotations omitted); see also Little v. Crawford, 449 F.3d 1075, 1082 (9th Cir. 2006). Given the Supreme Court's holding in Estelle, the Court concludes that reasonable jurists would not disagree with this Court's ruling that because Petitioner seeks relief from a state law error, federal habeas relief is not available on his first claim.

Similarly, Petitioner's second claim repeats the assertions made in the first and then contends that the Court of Appeal violated his federal due process and equal protection rights by ordering its decision unpublished. (FAP at 7.) But Petitioner needs a Supreme Court decision holding that unpublished state court decisions violate clearly established federal law. Stuard v. Stewart, 401 F.3d 1064, 1067 (9th Cir. 2005); 28 U.S.C. § 2254(d)(1). Not only does no such decision exist, but the practice of issuing unpublished decisions is also used by federal courts. Furthermore, underlying Petitioner's second claim is the contention that the state appellate court in his case failed to correctly apply state law.

Petitioner's claims is therefore barred under Estelle. For these reasons, the Court finds that reasonable jurists would not disagree with this Court's ruling that Petitioner's second claim also fails to assert a colorable federal claim.

### B.   Request for Extension of Time to File Appeal.

"An appeal from a denial of a habeas petition is considered a civil matter and is thus subject to the time limitations set forth in rule 4(a)" of the Federal Rules of Appellate Procedure. Malone v. Avenenti, 850 F.2d 569, 571 (9th Cir. 1988). Under Rule 4(a), a notice of appeal must be filed within 30 days of the judgment date. Fed.R.App.P. 4(a)(1)(B). Thereafter, a 30 day extension is available upon a showing of good cause or excusable neglect. Fed.R.App.P. 4(a)(5).

Petitioner contends that he was unable to file his notice of appeal within 30 days because the prison was on lockdown. Petitioner, therefore, requests a 30 day extension to file his notice of appeal. Good cause appearing, the Court grants Petitioner a 30-day extension from the date of this Order.

### IV.   CONCLUSION AND ORDER

In light of the foregoing, Petitioner's request for a COA is **DENIED**, and Petitioner's request for an extension of time to file his notice of appeal is **GRANTED**. Petitioner has 30 days from the date of this order to file his appeal.

**IT IS SO ORDERED.**

DATE: May 14, 2007

HON. THOMAS J. WHELAN
United States District Court
Southern District of California